OPINION
{¶ 1} On July 28, 1998, appellee, Angela Kuba, sustained injuries when the vehicle she was operating was struck by David Zuercher.
 {¶ 2} At the time of the accident, appellee was employed by Altercare of Canton, insured under a commercial automobile policy and an umbrella policy issued by appellant, Monroe Guaranty Insurance Company.
 {¶ 3} On December 11, 2000, appellee notified appellant of a potential uninsured/underinsured motorist claim pursuant to Scott-Pontzerv. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292. On February 12, 2001, appellant denied coverage.
 {¶ 4} On April 26, 2001, appellant filed a declaratory judgment action on the issue of insurance coverage against appellee and her husband, Teddy Kuba, and minor son, Tobias Kuba. Appellant filed a motion for summary judgment on September 10, 2001. On October 29, 2001, appellees filed a response and cross-motion for summary judgment. By judgment entry filed May 13, 2002, the trial court granted appellees' motion for summary judgment, finding Mrs. Kuba was an insured under appellant's policy and therefore entitled to coverage under same.[1]
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred as a matter of law in granting summary judgment prayed for by appellees and denying summary judgment prayed for appellant, on account that appellees are not insureds under the Monroe Guaranty Commercial Automobile Policy of insurance at issue and consequently, are precluded from claiming uninsured/underinsured motorist coverage under this Monroe Guaranty Policy of insurance."
 II {¶ 7} "The trial court erred as a matter of law in granting summary judgment prayed for by appellees and denying summary judgment prayed for by appellant on account that appellee, Angela Kuba was operating her own vehicle at the time of this accident, which was not a covered auto under the Monroe Guaranty Policy, and therefore is not afforded uninsured/underinsured motorist coverage."
 III {¶ 8} "The trial court erred as a matter of law in granting summary judgment prayed for by appellees and denying summary judgment prayed for by appellant, on account that there were no genuine issues of material fact regarding the fact that appellees failed to maintain any policy of automobile insurance, which provided either liability or uninsured/underinsured motorist coverage, thereby precluding the appellees from collecting uninsured/underinsured motorist coverage under Monroe Guaranty's Commercial Liability Policy."
 I, II {¶ 9} Appellant claims the trial court erred in determining appellees were insureds under the commercial automobile policy and therefore entitled to uninsured/underinsured motorist coverage. We disagree.
 {¶ 10} The first inquiry is whether appellees are insureds under the commercial automobile policy. The uninsured/underinsured motorist provisions define an "insured" as follows:
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any `family member.'
 {¶ 13} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. * * *
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'" See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Plaintiff's Motion for Summary Judgment as Exhibit A.
 {¶ 15} The policy states "the words `you' and `your' refer to the Named Insured shown in the Declarations." See, Business Auto Coverage Form, attached to Plaintiff's Motion for Summary Judgment as Exhibit A. The named insured listed in the declarations page is "Consolidated Healthcare." See, Named Insured, attached to Plaintiff's Motion for Summary Judgment as Exhibit A.
 {¶ 16} Pursuant to Scott-Pontzer, supra, Mrs. Kuba is an insured under the uninsured/underinsured motorists provisions of the policy. Because Mrs. Kuba is an insured individual via Scott-Pontzer, her family members residing in her household are also insureds given that the policy defines "family member" as "a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child." See, Section F of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Plaintiff's Motion for Summary Judgment as Exhibit A.
 {¶ 17} While not assenting to the above, appellant argues the "you" can only be an insured when "occupying a covered auto." Appellant argues Mrs. Kuba was not "occupying a covered auto" therefore, she cannot be an insured under the policy. We disagree with this analysis. "You" is appellee and the third definition of an "insured" is "anyone else occupying a covered auto." "You" cannot be "anyone else" therefore the exclusion does not pertain to Mrs. Kuba.
 {¶ 18} We find appellees are insureds under the commercial automobile policy.
 {¶ 19} As for the umbrella policy, its declaration page specifically includes the commercial automobile policy, No. MG225758B-98, and states it will cover the "`ultimate net of loss' which the insured is legally obligated to pay as damages in excess of the `underlying insurance' * * *." See, Section I(A) of the Commercial Umbrella Liability Policy, attached to Plaintiff's Motion for Summary Judgment as Exhibit A. Therefore, appellees are entitled to coverage under the umbrella policy.
 {¶ 20} Appellant also argues that with the passage of H.B. No. 261, the state legislature authorized the inclusion of coverage exclusions in uninsured/underinsured motorist policies. We agree the language of H.B. No. 261 [R.C. 3937.18(J)(1)] permits such exclusions. Said statute states the following:
 {¶ 21} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 22} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided."
 {¶ 23} Pursuant to this statute, appellant specifically excluded the following:
 {¶ 24} "C. Exclusions
 {¶ 25} "This insurance does not apply to:
 {¶ 26} "5. `Bodily Injury' sustained by:
 {¶ 27} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this coverage form.
 {¶ 28} "b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorist Coverage under this coverage form; or
 {¶ 29} "c. Any `family member' while `occupying' or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other coverage form or policy." See, Section C of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Plaintiff's Motion for Summary Judgment as Exhibit A.
 {¶ 30} In the declarations page of the commercial automobile policy, a "covered auto" applicable to uninsured/underinsured motorist coverage is designated as the numerical symbol "2." The definition of a "covered auto" designated by said number "2" states as follows:
 {¶ 31} "2 = OWNED `AUTOS' ONLY. Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos' you acquire ownership of after the policy begins." See, Section I(A) of the Business Auto Coverage Form, attached to Plaintiff's Motion for Summary Judgment as Exhibit A.
 {¶ 32} Because this definition refers to "autos you own" and underScott-Pontzer "you" includes Mrs. Kuba, we find the exclusion set forth in the uninsured/underinsured motorist policy under Section C(5), supra, does not relieve appellant of liability.
 {¶ 33} Upon review, we find appellees are entitled to uninsured/underinsured motorist coverage under the commercial automobile and umbrella policies issued by appellant.
 {¶ 34} Assignments of Error I and II are denied.
 III {¶ 35} Appellant claims appellees should not be afforded uninsured/underinsured motorist coverage because they failed to follow the Ohio Financial Responsibility Statute, R.C. 4509.101(A)(1), which states as follows:
 {¶ 36} "No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle."
 {¶ 37} Appellant puts forth a public policy argument that appellees should not benefit from their failure to maintain a policy of automobile insurance as required by law. We find R.C. 4509.101(A)(1) requires individuals to maintain proof of financial responsibility, but does not require individuals to maintain uninsured/underinsured motorist coverage. The public policy behind requiring individuals to maintain proof of financial responsibility for liability purposes does not extend to the maintaining of uninsured/underinsured motorist coverage. Furthermore, individuals can satisfy the statute by maintaining proof of financial responsibility other than by purchasing a motor vehicle liability policy through an insurance company.
 {¶ 38} Assignment of Error III is denied.
 {¶ 39} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Definition of "insured", "you", "covered auto" exclusion; violation of financial responsibility law.
[1] The trial court did not specifically mention coverage to Mrs. Kuba's husband and son, but did grant appellees' motion for summary judgment in toto.